```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION
```

UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
vs.                            )   NO. 2:16-CR-30
                               )
ROBERT E. STOCHEL,             )
                               )
Defendant.                     )

## OPINION AND ORDER

This matter is before the Court on Defendant's Renewed Motion for a Judgment of Acquittal, filed on December 21, 2016 (DE #78). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

During trial, after the close of the Government's case, the Defendant moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). (DE #71). This Court denied the motion. On December 16, 2016, this Court declared a mistrial because the jury could not come to a unanimous verdict. Defendant timely filed the instant Motion for Acquittal on December 21, 2016. The Government filed a response on January 4, 2017 (DE #80). Defendant did not file a reply. Thus, the motion is fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Criminal Procedure 29(c) provides that a defendant may renew a motion for judgment of acquittal after a guilty verdict or after the court discharged the jury, and "the court may enter a judgment of acquittal." Fed. R. Crim. P. 29(c)(1), (2). Thus, Stochel may renew his motion even though this Court already denied a previous motion made during trial at the close of the Government's case in chief. In ruling on a motion for acquittal, the Court must determine whether, at the time of the motion, there is relevant evidence from which a jury could reasonably find the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the Government. *See United States v. Studley*, 892 F.2d 518, 526 (7th Cir. 1989). The Court must "bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences." *United States v. Hagan*, 913 F.2d 1278, 1281 (7th Cir. 1990) (quotation omitted). The inference of guilt of a criminal offense may be created by either direct or circumstantial evidence, and circumstantial evidence is of equal probative value to direct evidence. *Studley*, 892 F.2d at 526. All reasonable inferences that can be drawn from the evidence are viewed in the light most favorable to the Government. *Id.* In other words, a motion for judgment of acquittal must be granted when the evidence, viewed in

the light most favorable to the Government, is so scant that the jury could only speculate as to the defendant's guilt, and is such that a reasonably-minded jury must have a reasonable doubt as to the defendant's guilt. *See United States v. Heberman*, 583 F.2d 222, 231 (5th Cir. 1978).

Here, the Government presented sufficient relevant evidence from which a reasonable jury could find that Stochel was guilty beyond a reasonable doubt of mail fraud, as charged. As this Court recited in its jury instructions, in order to find Stochel guilty, the Government had to prove each of the following elements of mail fraud beyond a reasonable doubt: (1) the defendant knowingly devised a scheme to defraud, as described in Count One of the indictment; (2) the defendant did so with the intent to defraud; (3) the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and (4) for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the United States Mails in the manner charged in Count One of the indictment. (DE #73, Court's Instruction No. 17).

In the instant motion, Stochel argues - yet again - that the Government failed to prove that the indictment was timely under the five year statute of limitations for mail fraud. This argument was addressed by the Court in ruling on Stochel's motion to dismiss the indictment. (DE #21 at 6). The crime Stochel was charged with is

3

based on a mailing on or about March 13, 2012, and Stochel was indicted on March 16, 2016.  The mailing that provides the basis for the indictment occurred within five years of the indictment.  Thus, there is not a statute of limitations problem.  *See United States of America v. McGowan*, No. 02 CR 350, 2004 WL 909745, at *1-2 (N.D. Ill. Apr. 23, 2004).  Even if, as Stochel argues, the evidence establishes that the scheme ended more than five years prior to March 13, 2012, there is still not a statute of limitations problem.

Stochel's only other argument is that the Government failed to produce sufficient evidence from which a reasonable jury could conclude that the mailing was sent to further the scheme.  According to Stochel, the scheme concluded long before the March 2012 mailing, and thus did not include the March 13, 2012, mailing.  The Government, however, presented evidence from which a reasonable jury could conclude otherwise.  The evidence established that Stochel remained the receiver in the Tip Top litigation until after the March 2012, mailing occurred.  And, there is evidence from which a reasonable jury could conclude that the scheme was broader than the mere taking of money from the receivership account.  There was evidence that, when the receivership incurred a debt, Stochel deposited his own funds in the receivership account and then wrote checks from the receivership account to pay for those expenses.  There were also court filings and transcripts of court proceedings

from which a reasonable jury could conclude that Stochel was attempting to lull the beneficiaries of the receivership into believing the receivership funds were available. Furthermore, there was evidence that, after the receivership account had been drained, the parties were mediating their dispute when there was no money left to distribute, but Stochel allowed the mediation to occur because he intended to make up the shortfall with his own funds.

Based on the evidence introduced at trial, a reasonable jury could conclude that the scheme to defraud contained an element of lulling. And, furthermore, a reasonable jury could find, under the unique facts of this case, both Stochel's position as receiver and the lulling activity continued for years after the receivership account had been drained, up to and including the mailing in 2012 that served as the basis for the indictment.

Here, little has changed since this Court ruled on Stochel's previously filed motion for judgment of acquittal. The only additional evidence submitted during the defendant's case was the testimony of Attorney Robert Peters, and two exhibits (both court filings from the underlying litigation). This additional evidence does nothing to alter the outcome of the instant motion. Accordingly, for the same reasons set forth previously, the motion is **DENIED.**

CONCLUSION

For the aforementioned reasons, Defendant's Renewed Motion for a Judgment of Acquittal (DE #78) is **DENIED**.


**DATED: January 23, 2017**               /s/ RUDY LOZANO, Judge
                                          **United States District Court**