UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16 CR 30 |
| | ) | |
| ROBERT E. STOCHEL | ) | |

## OPINION and ORDER

Defendant Robert E. Stochel has filed a motion requesting that this court order him released pending his appeal. (DE # 170.) The Government filed a response in opposition. (DE # 173.) Defendant has not filed a reply. For the reasons that follow, his motion is denied.

## I. BACKGROUND

Defendant was an attorney that was appointed as a receiver over a corporation, Tip Top Supermarket, Inc., in 1999. (DE #1 at ¶¶ 1-3.) The Government alleged that defendant opened a bank account for the receivership, and devised a scheme to defraud the receivership beneficiaries of monies. (DE # 1 at ¶¶ 4, 7.) The Government further alleged that defendant withdrew $331,840 from the receivership estate for his own personal use and benefit until 2006, and prevented the parties and counsel in Tip Top litigation from learning of his scheme by lulling them into a false sense of security as to whether the account had sufficient funds. (DE # 1 at ¶ 8.)

Eventually, the Tip Top litigation court appointed an accountant to audit the financial records. In response, defendant filed a "Receiver's Trial Rule 60 Motion for Relief," stating that untimely notice of the order prevented his compliance, but he assured the court that there were adequate funds to pay for the audit. Of course, this

statement was false, and that Rule 60 motion, which was mailed March 13, 2012, formed the basis of a later charge of mail fraud under 18 U.S.C. § 1341. The indictment was filed on March 16, 2016. (DE # 1.)

On May 3, 2017, after a three-day trial over which Judge Rudy Lozano presided, a jury returned a verdict of guilty against defendant. (DE # 140.) On December 5, 2017, defendant was sentenced by the undersigned to 24 months imprisonment plus 1 year of supervised release, and he was ordered to pay $229,091.97 in restitution. (DE ## 163, 165.) The court ordered defendant to begin serving his term of imprisonment no later than January 19, 2018. (DE # 163.) Defendant appealed (DE # 166), and he now moves for release from custody pending the outcome of that appeal. (DE # 170.)

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3143, a defendant can be released on bond pending appeal if a judicial officer finds: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community, and (2) that the appeal is "not for the purpose of delay and raises a substantial question of law or fact likely to result in" i) reversal, ii) an order for a new trial, iii) a sentence that does not include a term of imprisonment, or iv) "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3134(b).

Under Seventh Circuit case law interpreting § 3143(b), a "substantial question" is one that can be described as "a toss up or nearly so," "a close question," or "one that could be decided the other way." *United States v. Shoffner,* 791 F.2d 586, 589 (7th

2

Cir. 1986); *United States v. Greenberg,* 772 F.2d 340, 341 (7th Cir. 1985); *United States v. Inks,* 670 F. Supp. 829, 830 (N.D. Ill. 1987). If the court finds that an argument raises a substantial question it must then decide whether the question is one that is "so integral to the merits" that if it were decided in the defendant's favor, the appellate court is more likely than not to reverse the conviction or order a new trial. *United States v. Bilanzich*, 771 F.2d 292, 298-99 (7th Cir. 1985) ("whether a question is 'substantial' defines the *level of merit* required in the question presented and 'likely to result in reversal or an order for a new trial' defines the *type of question* that must be presented") (emphasis in original) (internal quotations omitted). In other words, this court does not have to find it likely that it has committed error; instead the question is how significant the substantial question (if one is raised) is to the ultimate disposition of the appeal. *Id*. at 299.

### III. ANALYSIS

The Government does not argue that defendant presents a flight risk or a danger to the community. Indeed, defendant was not convicted of a violent crime, he has no criminal history, and there is ample evidence of his strong ties to his family and to the community. There has also not been any suggestion that defendant's appeal is for the purpose of delay. Accordingly, the focus of the analysis is whether defendant shows that his appeal will raise a substantial question of law or fact that is likely to result in a new trial, reversal, or reduced sentence. The court must first decide if a proposed argument raises a "substantial question" of law or fact.

3

Defendant's primary argument is one he has raised numerous times throughout this case. Specifically, he argues that the mailing of the Rule 60 motion on March 13, 2012, cannot be punished due to the statute of limitations. The statute of limitations for mail fraud is five years, and begins running on the date of the mailing. 18 U.S.C. § 3282(a); *United States v. Tadros,* 310 F.3d 999, 1006 (7th Cir. 2002). Here, as Judge Lozano has explained numerous times, there is no statute of limitations issue because the mailing that provided the basis for the mail fraud charge occurred on March 13, 2012, within five years of the indictment, which was filed on March 16, 2016. *See United States of America v. McGowan,* No. 03 CR 350, 2004 WL 909745, at *1-2 (N.D. Ill. Apr. 23, 2004) (discussing similar situation, wire fraud).

Defendant's real argument is that too much time lapsed between defendant's last withdrawal in 2006 and when defendant mailed the Rule 60 motion in 2012. This is not a statute of limitations argument at all; rather this is an argument that the indicted conduct was not part of the alleged scheme. However, legally speaking, a scheme to defraud includes actions that constitute lulling– that is, acts performed to provide victims with a false sense of security. *United States v. Bach,* 172 F.3d 520, 522 (7th Cir. 1999); *United States v. Brocksmith,* 991 F.2d 1363, 1367-68 (7th Cir. 1993) ("Use of the mails to lull victims into a false sense of security, we have held, violates the mail fraud statute, even if it occurs after the money has been fraudulently obtained.").

In this case, a jury could have (and apparently did) determine that defendant's March 13, 2012, mailing of the Rule 60 motion constituted lulling and was thus part of the original scheme. Thus, no substantial question is presented by defendant with

regard to the timing of the indictment or the lapse of time between defendant's initial withdrawal of funds and his eventual filing of the Rule 60 motion. Because this proposed issue for appeal fails to raise a substantial question, the court does not need to determine whether the resolution of this issue would be likely to result in a reversal or new trial.

In a handful of sentences, defendant offers a few additional bases for his motion for release pending appeal. He states that "certain jury instructions were misstatements of the law," but unfortunately he does not identify which instructions or explain how they were improper, so no substantial question can be discerned. Likewise, his argument regarding the trial judge's decision barring defendant from calling "a witness," which he claims was based on "some nebulous rule of the Court," presents no substantial question because the court cannot identify the facts or law at issue.

Finally, defendant states that he plans to challenge his sentencing guidelines calculation. Even if the arguments (which he does not explain, but simply incorporates by general reference to separate sentencing documents) were considered substantial questions, the court cannot find that release pending appeal is proper. The relevant statute provides that release pending appeal is appropriate if the substantial question presented is likely to result in a "reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3134(b). In other words, "[a]n imprisoned person is not to be released pending further proceedings if it is a certainty that however those proceedings are

resolved, he will have to be returned to prison." *United States v. LaGiglio,* 384 F.3d 925, 926 (7th Cir. 2004).

It is difficult to calculate with any precision the exact amount of time any appeal process will take, but this case does not present particularly novel or complex questions of law, nor does it involve multiple defendants or possess other factors which might contribute to a notable delay. In the undersigned's opinion, 18 months is a more than generous estimate of the time it would likely take for this case to complete the appeal process. Thus, for the court to release defendant pending appeal, it would have to determine that it is likely that defendant would receive a sentence of less than 18 months upon remand.

In this case, even if all of defendant's arguments regarding the sentencing guidelines were credited by the Court of Appeals, his revised guidelines range would be 18-24 months. Defendant has made no arguments at all regarding what sentence he might receive on hypothetical remand. He has not demonstrated that, on hypothetical remand, his current sentence of 24 months (on the high end of the hypothetically revised guidelines range) would be inappropriate. Indeed, in this case, this court considered a guidelines range of 46-57 months, and determined that a term of imprisonment of 24 months most appropriately fit the facts and circumstances presented. Defendant has made no argument why it would or should not do the same on hypothetical remand. Certainly, defendant has not convinced this court that he would be likely to receive a sentence of some term of imprisonment below the bottom of the hypothetically revised guidelines range (that is, 18 months). In short, defendant

has not demonstrated that the potential reduced sentence is likely to be less than the total time already served plus the expected duration of the appeals process, so release pending appeal is not appropriate.

## IV. CONCLUSION

For the reasons set forth above, defendant's motion to be released pending appeal is **DENIED**. (DE # 170.)

**SO ORDERED.**

Date: January 12, 2018

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT